JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq., SBN 236229
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KENNETH HARDING Jr.; DENIKA CHATMAN, individually and as personal representative of the ESTATE OF KENNETH HARDING, Jr.<br><br>Plaintiffs,<br><br>v.<br><br>The CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; GREG SUHR in his official capacity as CHIEF of POLICE for the CITY AND COUNTY OF SAN FRANCISCO; OFFICER MATTHEW LOPEZ individually and in his official capacity as a Police Officer for the CITY AND COUNTY OF SAN FRANCISCO; OFFICER RICHARD HASTINGS individually and in his official capacity as a Police Officer for the CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50, inclusive; individually and in their official capacities as POLICE OFFICERS for the CITY AND COUNTY OF SAN FRANCISCO<br><br>Defendants. | Case No.: **C12-3978**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH<br>(42 U.S.C §§ 1983; and pendant tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This case arises out of the wrongful death of nineteen year old KENNETH HARDING JR. at the hands of two City and County of San Francisco Police Officers on July 16, 2011.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

3. Plaintiff herein DENIKA CHATMAN, is, and at all times mentioned herein, a competent adult who appears both individually and as the personal representative of THE ESTATE OF KENNETH HARDING JR. DENIKA CHATMAN is the surviving parent of decedent, KENNETH HARDING JR. DENIKA CHATMAN has legal standing to maintain an action for wrongful death based upon the death of her son, KENNETH HARDING JR., under California Code of Civil Procedure Section 377.60. Plaintiff DENIKA CHATMAN is a successor-in-interest to the Estate of KENNETH HARDING JR., including the manner in which successor-in-interest is defined by California Code of Civil Procedure Section 377.32 and elsewhere and is entitled to maintain causes of action which survive the death of KENNETH HARDING JR. under California Code of Civil Procedure Section 377.30. Plaintiff DENIKA CHATMAN is a competent adult, a resident of Solano County, California and a United States Citizen.

4. Plaintiff, THE ESTATE OF KENNETH HARDING JR. appears by and through its successor-in-interest and representative DENIKA CHATMAN, and may maintain causes of action and recover damages for the value of decedent's life and decedent's pain and suffering.

5. Defendant CITY AND COUNTY OF SAN FRANCISCO ("hereinafter Defendant") is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California.

6. At all times mentioned herein, GREG SUHR, Chief of the SAN FRANCISCO POLICE DEPARTMENT ("hereinafter Defendant"), is sued in his official capacity as CHIEF of POLICE for the CITY AND COUNTY OF SAN FRANCISCO.

7. At all times mentioned herein, OFFICER MATTHEW LOPEZ, ("hereinafter Defendant LOPEZ"), is sued in his individual and official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO..

8. At all times mentioned herein, OFFICER RICHARD HASTINGS, ("hereinafter Defendant HASTINGS"), is sued in his individual and official capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO.

9. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, use of excessive force and/or failure to administer first aid. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint subject to further discovery.

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. For state causes of action related to federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

## FACTS

14. The incident took place on July 16, 2011 around 4:30 p.m. at or about 3rd Street between Palou and Oakdale Avenues in San Francisco, CA.

15. When KENNETH HARDING JR. (hereinafter "HARDING"), was departing the T-car train onto the platform of the Muni Station at the Oakdale/Palou platform, he was approached by San Francisco Police Officers MATTHEW LOPEZ and RICHARD HASTINGS. They inquired about whether HARDING had paid for his Muni fare.

16. Initially HARDING walked away from the Officers and after putting some distance between them and himself, he began to run. As HARDING fled, Officers LOPEZ and HASTINGS unholstered their firearms and opened fire upon the fleeing young man. At least one of the Officers' bullets struck him. Onlookers watched the scene unfold, and witnessed the shooting.

17. HARDING fell to the ground critically wounded from the gun shot injuries. The Officers did not provide any medical treatment or care to HARDING and instead left him writhing in pain with blood gushing out of his neck. Plaintiffs are informed and thereon believe HARDING endured unnecessary and increased pain and suffering due to the acts and/or omissions of the Officers. HARDING ultimately bled to death as Officers and witnesses watched.

18. In the aftermath of this incident, Plaintiffs made diligent and reasonable attempts to investigate the matter. Plaintiffs submitted requests to the CITY AND COUNTY OF SAN FRANCISCO to obtain information about the incident in an effort to ascertain the facts surrounding what, in fact, took place. The CITY AND COUNTY OF SAN FRANCISCO largely rejected and ignored Plaintiffs' attempts to obtain access to the sought after information. Plaintiffs and the community at large are understandably concerned and critical of the San Francisco Police Department's handling of the incident as the SFPD issued conflicting statements and retracted many of the theories it made to the public as to how HARDING was killed during the days and weeks following the incident.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

19. Plaintiffs are informed and thereon believe that Mr. HARDING was not in possession of a gun when he fled from police, nor did he fire a gun upon Officers LOPEZ and HARDING. Witnesses to the incident claim they never saw HARDING brandish, fire or attempt to discard a gun..

20. Plaintiffs are informed and believe and thereon allege that the SAN FRANCISCO POLICE DEPARTMENT, SAN FRANCISCO POLICE CHIEF GREG SUHR, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline defendants MATTHEW LOPEZ, RICHARD HARRISON and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendants MATTHEW LOPEZ, RICHARD HARRISON and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants' MATTHEW LOPEZ, RICHARD HARRISON and DOES 1-25's inclusive, misconduct.

21. Plaintiffs are informed, believe and thereon allege that members of the San Francisco Police Department, including, but not limited to, defendants MATTHEW LOPEZ, RICHARD HARRISON, and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions, false arrests and/or using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, KENNETH HARDING JR.

22. As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of defendant San Francisco Police Department, decedent and Plaintiffs were subjected to the violation of their constitutional rights as alleged herein.

## DAMAGES

23. As a consequence of Defendants violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiff DENIKA CHATMAN was mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiff's

loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

24. Plaintiff, DENIKA CHATMAN, is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b). Additionally, Ms. CHATMAN is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

25. Plaintiff, ESTATE OF KENNETH HARDING JR., by and through, DENIKA CHATMAN, the personal representative of the ESTATE OF KENNETH HARDING JR., is entitled to recover damages pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

26. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**(Violation of Fourth Amendment of the United States Constitution)**
**(42 U.S.C. §1983)**
(THE ESTATE OF KENNETH HARDING v LOPEZ, HASTINGS and DOES 1-25)

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 of this complaint. Defendants' above-described conduct violated HARDING'S rights as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Deliberate Indifference to Decedent's Medical Needs)**
**(42 U.S.C. §1983)**
(THE ESTATE OF KENNETH HARDING v. LOPEZ, HASTINGS and DOES 1-25)

28. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 27 of this

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

Complaint.

29. Decedent was entitled to receive necessary medical attention while in the care and custody of the San Francisco Police Department. In doing the acts complained of, Defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

30. As a proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Wrongful Death)
(42 U.S.C. §1983)
(DENIKA CHATMAN v. LOPEZ, HASTINGS and DOES 1-25)

31. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. Defendants acted under color of law by shooting and killing decedent without lawful justification and subjecting decedent to excessive force, thereby depriving Plaintiff of certain constitutionally protected rights, including, but not limited to:

 a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

 b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;

 c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution; and/or,

 d. The right to be free from interference within the zone of privacy, as protected by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

## FOURTH CAUSE OF ACTION
(Violations of Plaintiff's Civil Rights to Familial Relationship)
(42 U.S.C. § 1983)
(DENIKA CHATMAN v. LOPEZ, HASTINGS and DOES 1-25)

33. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 32 of this Complaint as though fully set forth;

34. Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiff of her right to seek redress, all in violation of rights, privileges, and immunities secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Survival action: Violation of Decedent's Civil Rights)
(42 U.S.C. §1983)
(Plaintiff DENIKA CHATMAN as personal representative of decedent's estate)

35. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. KENNETH HARDING JR. was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

37. KENNETH HARDING JR. did not file a legal action before his death;

38. Plaintiff DENIKA CHATMAN, as personal representative of the ESTATE OF KENNETH HARDING JR. claims damages for the conscious pain and suffering incurred by KENNETH HARDING JR., as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

### SIXTH CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (C.C.P. §377.60 and 377.61)
(Plaintiff DENIKA CHATMAN as personal representative of decedent's estate)

39. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

40. Defendants and DOES 1-50 inclusive, by and through their respective agents and employees, proximately caused the death of decedent KENNETH HARDING JR., said Plaintiff DENIKA CHATMAN's son, on July 16, 2011 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

41. As an actual and proximate result of said Defendants' negligence, and the death of decedent, Plaintiff DENIKA CHATMAN has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her son, decedent, in an amount according to proof at trial.

42. As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

43. Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said Defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (Violation of Decedent's Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)
(Plaintiff DENIKA CHATMAN as personal representative of decedent's estate)

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of this complaint.

45. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by

the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
(Violation of Decedent's State Statutory Rights)
(Violation of CALIFORNIA CIVIL CODE §51.7)
(Plaintiff DENIKA CHATMAN as personal representative of decedent's estate)

46. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 45 of this complaint.

47. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants LOPEZ, HASTINGS and DOES 1 through 25, inclusive, as described herein, was motivated by prejudice against KENNETH HARDING JR. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

48. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

49. As a proximate result of Defendants' wrongful conduct, decedent suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Assault And Battery)
(THE ESTATE OF KENNETH HARDING v LOPEZ, HASTINGS and DOES 1-25)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52 of this complaint.

51. Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

### JURY DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

## PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in a sum to proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants Chief GREG SUHR, Officers MATTHEW LOPEZ, RICHARD HASTINGS and/or DOES 1 through 25 inclusive;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred;

Dated: July 27, 2012            **THE LAW OFFICES OF JOHN L. BURRIS**

By: _____
John L. Burris
Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH