DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
BLAKE P. LOEBS, State Bar #145790
Chief of Civil Rights Litigation
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3868
Facsimile:    (415) 554-3837
E-Mail:       blake.loebs@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MATTHEW LOPEZ, and RICHARD HASTINGS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KENNETH HARDING Jr.; DENIKA CHATMAN, individually and as personal representative of the ESTATE OF KENNETH HARDING, Jr.<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; OFFICER MATTHEW LOPEZ individually and in his official capacity as a Police Officer for CITY AND COUNTY OF SAN FRANCISCO; OFFICER RICHARD HASTINGS individually and in his official capacity as a Police Officer for CITY AND COUNTY OF SAN FRANCISCO; DOES 1-50, inclusive; individually and in their official capacities as POLICE OFFICERS for CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendants. | Case No. C12-3978 EMC<br><br>**STIPULATED [PROPOSED] TEMPORARY PROTECTIVE ORDER**<br><br>Trial Date:　　　　Not Set |

Pursuant to Federal Rule of Civil Procedure 26(c) the parties have met and conferred and agree that the discovery of CONFIDENTIAL INFORMATION in this matter be made pursuant to the terms of this PROTECTIVE ORDER.

GOOD CAUSE APPEARING, the parties stipulate, though their attorneys of record, to the entry of an order as follows:

1. CONFIDENTIAL INFORMATION, within the meaning of this PROTECTIVE ORDER, shall include all documents containing peace officer personnel records, official information and any other such documents that defendants in good faith have determined to be confidential. Defendants shall attempt to stamp "Confidential" on all such documents prior to production. In the event that any CONFIDENTIAL INFORMATION is inadvertently not stamped as "Confidential" by defendants, the party who notices this oversight shall immediately make it known to the other parties and the documents shall immediately be stamped as "Confidential" and treated as such, as per this order.

2. Intentionally Blank

3. Plaintiff may challenge defendants' designation of a particular document as CONFIDENTIAL INFORMATION by filing an appropriate motion, under seal, with the Court. The parties agree that the prevailing party in a motion to remove the confidential designation shall waive any entitlement to monetary sanctions, including attorney's fees.

4. Unless disclosure is ordered by the Court, attorneys for defendants shall have the sole authority to determine that documents subject to the PROTECTIVE ORDER are no longer considered CONFIDENTIAL INFORMATION and will advise counsel for plaintiff in writing if this determination is made.

5. Plaintiff's Counsel may exhibit, discuss, and/or disclose CONFIDENTIAL INFORMATION only to the following categories of person and no other unless authorized by order of the Court:

    a. Plaintiff's Counsel;

    b. Experts, investigators or consultants retained by Plaintiff's Counsel to assist in the evaluation, preparation, or trial of this case; however, before any expert, investigator, or consultant

is permitted to review the CONFIDENTIAL INFORMATION, such individual must agree to comply with the terms of this PROTECTIVE ORDER by executing the document attached as Exhibit A. Plaintiff's counsel shall file and serve that document upon its execution; however, Plaintiff's counsel shall not be required to serve Agreement to Comply any earlier than the date that Expert Disclosures are required to be made and shall only have to serve the Agreements to Comply for designated experts. Experts, investigators, and consultants shall not have any power to authorize further disclosure of CONFIDENTIAL INFORMATION to any other person.

6. Counsel for Plaintiff may not provide originals or copies of the CONFIDENTIAL INFORMATION to any plaintiff absent the written agreement of counsel for the City or a court order. Counsel for Plaintiff, however, may show Plaintiff CONFIDENTIAL INFORMATION and may discuss CONFIDENTIAL INFORMATION with Plaintiff.

7. Unless otherwise stipulated to by defendants, any use of CONFIDENTIAL INFORMATION or comment on the substance of any CONFIDENTIAL INFORMATION in any papers or pleadings filed with the Court, shall be filed under seal pursuant to the Court's rules and procedures (see Northern District of California Civil Local Rule 79-5). The sealed envelopes shall be endorsed with the caption of this litigation, and an indication of the nature of the contents of the envelopes and a statement substantially in the following form:

> "This envelope contains documents that are filed in this case pursuant to a Protective Order and are not to be opened nor the contents thereof to be displayed or revealed except by further order of the Court or written consent of the City and County of San Francisco."

8. In the event any person desires to exhibit documents or disclose CONFIDENTIAL INFORMATION covered under this stipulation during trial or pretrial proceedings, such person shall meet and confer with counsel for defendants to reach an agreement, in accordance with the Court's rules and procedures, on an appropriate method for disclosure. For depositions, CONFIDENTIAL INFORMATION shall be shown to opposing counsel immediately before any CONFIDENTIAL INFORMATION is shown to a witness. If the parties are unable to agree on the manner in which the CONFIDENTIAL INFORMATION can be used in the deposition it will be Defendant's burden to immediately seek a further order from the court within 7 days. Unless otherwise agreed, transcripts

and exhibits that incorporate or reference CONFIDENTIAL INFORMATION covered under this stipulation shall be treated as CONFIDENTIAL INFORMATION that is subject to the provisions of this PROTECTIVE ORDER. The Court Reporter shall mark as "Confidential" any portion of a deposition or hearing transcript that contains any CONFIDENTIAL INFORMATION or any reference to CONFIDENTIAL INFORMATION.

9. Any inadvertent disclosure made in violation of this PROTECTIVE ORDER shall be immediately corrected by the offending party and does not constitute a waiver of the terms of this PROTECTIVE ORDER, except by written agreement of the parties, or further order of this Court.

10. All documents covered by this PROTECTIVE ORDER and copies thereof (including those in the possession of experts, consultants, etc.) will be returned to the San Francisco City Attorney's Office at the termination of this litigation. On final disposition of this case, plaintiff's counsel shall within 30 days after the final disposition of this case, without request or further order of this Court, return all CONFIDENTIAL INFORMATION to the Deputy City Attorney of record in this matter. The provisions of this PROTECTIVE ORDER shall, without further order of the Court, continue to be binding after the conclusion of the action, and this Court will have jurisdiction to enforce the terms of this PROTECTIVE ORDER.

11. Should any party or their counsel fail to comply with this PROTECTIVE ORDER, the person violating the order shall be liable for all costs associated with enforcing this agreement, including but not limited to all attorney fees in amounts to be determined by the Court. Any party and their counsel may also be subject to additional sanctions or remedial measures, such as contempt, evidentiary or terminating sanctions for violating this order. Counsel, however, shall not he held responsible for actions that are attributable to a party.

12. Within 30 days after the initial delivery of the documents subject to this order, the parties will meet and confer and regarding which documents should remain protected by this order. If the parties are not able to come to an agreement, Defendants will have the burden to file a motion with the Court seeking to have the disputed matters protected. Until the Court has resolved the Defendants' motion, all documents designated as confidential shall remain protected by this order. Should

Defendants not file a motion to have the disputed documents remain protected within 30 days after the parties first meet and confer, this order shall no longer be in effect for those disputed documents to which the parties have not agreed should be protected by this order. This temporary protective order shall become the permanent order for all documents the parties agree should be protected.

    IT IS SO STIPULATED.

Dated: June 14, 2013

DENNIS J. HERRERA
City Attorney
CHERYL ADAMS
Chief Trial Deputy
BLAKE P. LOEBS
Chief of Civil Rights Litigation

By: /s/ Blake P. Loebs
BLAKE P. LOEBS
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MATTHEW LOPEZ, AND RICHARD HASTINGS

Dated: June 14, 2013

CARPENTER, ZUCKERMAN & ROWLEY, LLP

By: /s/ John C. Carpenter
JOHN C. CARPENTER
Attorneys for Plaintiffs,
THE ESTATE OF KENNETH HARDING Jr.;
DENIKA CHATMAN

*Pursuant to General Order 45, the electronic signatory of this documents attests that this individual concurs in his electronic signature of this document.

**ORDER**

BASED ON THE ABOVE ENTERED STIPULATION, IT IS SO ORDERED.

Dated: _6/17_____, 2013

_____
THE HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED*
*Judge Edward M. Chen*

**EXHIBIT A**

**AGREEMENT TO COMPLY WITH STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

I, _____, have read and understand the Court's Protective Order for CONFIDENTIAL INFORMATION. I agree to abide by all terms of the Order. In addition, I specifically understand and agree to the following:

1. I will not disclose the CONFIDENTIAL INFORMATION to any other person.

2. I understand that I have no power to authorize any other person to review the CONFIDENTIAL INFORMATION.

3. I agree not to keep or disseminate copies of the CONFIDENTIAL INFORMATION.

4. I agree to return the CONFIDENTIAL INFORMATION to the counsel for the party that produced it, at or before the conclusion of this litigation.

5. I understand that if I violate any of the terms of the Protective Order, then Plaintiffs, Plaintiffs' Counsel, and I may be subject to sanctions or possible contempt.

AGREED:

_____
DATE

_____
SIGNATURE

_____
PRINT NAME